**IT IS SO ORDERED.**

**Dated:  06:17 PM October 21 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Empire Die Casting Co., Inc. | ) | Case No. 13-52996 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Marilyn Shea-Stonum |
| An Ohio Corporation | ) | |
| (Employer Tax I.D. No. 34-0688531) | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF CLAIMS OF STATUTORY AND COMMON LAW LIEN CLAIMANTS**

Empire Die Casting Co., Inc. (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, has moved (the "**Motion**"), pursuant to Sections 105(a) and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtor to pay creditors who claim statutory liens on property of the Debtor's estate in the event that the Debtor deems such payments necessary to preserve its ability to receive services from such lienholders.  The Court, having reviewed the Motion, and having

1

heard the statements of counsel in support of the relief requested therein at a hearing before the Court (the "**Hearing**"), finds and concludes that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding, (iii) notice of the Motion was sufficient under the circumstances, and (iv) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and (v) the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors.

**IT IS THEREFORE ORDERED:**

1. The Motion is GRANTED, to the extent provided herein.

2. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Motion.

3. The Debtor is authorized to pay any asserted Lien Claim in the ordinary course without further order of the Court if the Debtor determines, in its sole discretion, that:

    a. Payment of the Lien Claim is necessary to preserve the Debtor's ability to continue to receive services from such lienholders and/or access the Debtor's tooling in the possession of such Lien Claimants;

    b. The uninterrupted continuation of such services and/or access to such tooling is reasonably necessary to maximize the value of the Debtor's estate; and

    c. There are sufficient funds available within the budget(s) for the Debtor's use of cash collateral and/or DIP financing, if applicable, to pay a particular Lien Claim.

4. Nothing in the Motion or this Order, nor the Debtor's payment of any claim pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity,

priority, or extent of any claim or any lien against the Debtor or property of the estate; (b) a waiver of Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a Lien Claim; or (e) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

6. The requirement of Local Bankruptcy Rule 9013-1(a) to file a separate memorandum of law in support of the Motion is hereby waived.

7. Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

SUBMITTED BY:

/s/ Marc B. Merklin
Marc B. Merklin  (0018195)
Kate M. Bradley (0074206)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

*Proposed Counsel for the Debtor
and Debtor in Possession*

[869231]