UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Empire Die Casting Co., Inc. | ) | Case No. 13-52996 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Marilyn Shea-Stonum |

NOTICE OF ESTABLISHMENT OF GENERAL,
GOVERNMENT AND ADMINISTRATIVE BAR DATES

**THIS NOTICE DESCRIBES IMPORTANT DEADLINES AND PROCEDURES THAT AFFECT YOUR LEGAL RIGHTS. YOU MAY WISH TO CONSULT WITH AN ATTORNEY TO PROTECT YOUR RIGHTS.**

**PLEASE TAKE NOTICE THAT**, on October 16, 2013 (the "Petition Date"), Empire Die Casting Co., Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court"). The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## BAR DATES

The Bankruptcy Court and Judge presiding over the above-captioned chapter 11 cases entered an *Order Establishing General, Government and Administrative Claim Bar Dates and Approving Form and Notice Thereof* on January 22, 2014 (the "Bar Date Order"), (i) establishing **February 28, 2014, at 4:00 p.m. Prevailing Eastern Time** as the deadline for creditors of the Debtor to file general proofs of claims against the Debtor's estates (the "General Bar Date"), (ii) establishing **April 14, 2014, at 4:00 p.m. Prevailing Eastern Time** as the deadline for government units to file proofs of claims against the Debtor's estates (the "Government Bar Date"), and (iii) establishing **February 28, 2014, at 4:00 p.m. Prevailing Eastern Time** as the deadline for creditors of the Debtor to file administrative claims against the Debtor incurred on or before December 31, 2013 (the "Administrative Claim Bar Date"). A proof of claim is a signed statement describing a creditor's claim. Creditors receiving this notice by mail should receive a proof of claim form customized for these cases. **The proof of claim form is applicable to any general or government claims. A creditor asserting and administrative expense claim must file a request with the Bankruptcy Court for allowance of its administrative expenses.**

1

# GENERAL AND GOVERNMENT BAR DATES

## Claims Covered by the General and Government Bar Dates

Under the Bankruptcy Code and as utilized in this notice and the Bar Date Order, the term "claim" has been given the broadest possible definition, and includes any right to payment, whether in contract, tort, or by statute, and whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, priority, or unsecured as of the Petition Date for the Debtor.

The Debtor filed its Schedules of Assets and Liabilities (the "Schedules") with the Bankruptcy Court on November 6, 2013. The Schedules may be amended from time to time. The Schedules and any amendments thereto may be inspected at the office of the Clerk of the Bankruptcy Court, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308, or viewed on the Bankruptcy Court's website at https://ecf.ohnb.uscourts.gov/, through an account obtained from PACER Service Center at 1-800-676-6856. If your claim is listed in the Schedules and is not listed as disputed, contingent or unliquidated, your claim will be allowed against the Debtor in the amount scheduled unless you have agreed otherwise, your claim has been paid, you file a proof of claim, or you are sent further notice about the claim.

You **must** file a proof of claim on or before the General Bar Date if you assert a claim against the Debtor and if:

(a) your claim has not been listed by the Debtor in its Schedules;

(b) you disagree with the amount of the claim scheduled by the Debtor in its Schedules;

(c) the Debtor has scheduled your claim as disputed, contingent or unliquidated;

(d) you believe your claim to be a secured claim, and the Debtor has not so scheduled your claim;

(e) you believe your claim to be entitled to priority under the Bankruptcy Code, and the Debtor has not so scheduled your claim;

**(f) you have a claim arising, or deemed to have arisen, under Section 503(b)(9) of the Bankruptcy Code (i.e., claims for the value of goods received by the Debtor within twenty (20) days prior to the Petition Date); or**

(g) your claim arises out of the obligation of such person or entity under a contract for the provision of liability insurance to the Debtor.

For claims arising from the rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of

either (i) the General Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the mailing of (a) a notice of an order approving the rejection of an executory contract or unexpired lease or (b) notice of rejection of an executory contract or unexpired lease in accordance with any procedural order entered by the Bankruptcy Court.

If you are a <u>government unit</u> asserting a claim against the Debtor's estate subject to the **Government Bar Date**, you must file a claim on or before **April 14, 2014, at 4:00 p.m. Prevailing Eastern Time**, if:

(a) you have a secured, unsecured priority or unsecured nonpriority claim that arose prior to or on the Petition Date, <u>including</u> any claims you have against the Debtor for unpaid taxes, and whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

**If you fail timely to file a proof of claim** by the General Bar Date, or in the case of government units, by the Government Bar Date, and your claim is not scheduled, is scheduled for $0.00, or is scheduled as disputed, unknown, contingent or unliquidated in the Schedules:

(a) Your claim will be disallowed and you will not receive any distribution under any chapter 11 plan(s) that may be confirmed in these cases; and

(b) You nevertheless will be bound by the terms of any chapter 11 plan that may be confirmed in these cases.

**Claims Not Covered By the General or Government Bar Date**

The following persons and entities need **not** file a proof of claim by the General Bar Date or, if applicable, the Government Bar Date:

(a) Any person or entity who has already properly filed, with the Clerk of the Bankruptcy Court, a proof of claim against the Debtor using a claim form customized for these cases or which substantially conforms to Official Form No. 10;

(b) Any person or entity whose claim has been allowed by, or paid pursuant to, an order of the Bankruptcy Court entered on or before the Bar Date;

(c) Any holder for which specific deadlines have previously been fixed by the court; or

(d) Any person or entity whose claim is listed in the Debtor's Schedules and (i) the claim is not described as contingent, unliquidated or disputed; (ii) the claimant agrees with the amount, nature, and priority of the claim set forth in the Schedules; and (iii) the claimant agrees that the claim is an obligation of the Debtor which has listed the claim in its Schedules.

### Instructions for Filing General and Governmental Proofs of Claim and Consequences for Failure to Timely File Claim

Failure to timely or properly file a proof of claim in accordance with the Bar Date Order shall (a) constitute grounds for disallowance of such claim; (b) render the creditor ineligible to vote with respect to any chapter 11 plan filed in the Debtor's chapter 11 cases or to receive any distributions under any confirmed chapter 11 plan; and (c) render the creditor bound by the terms of any confirmed chapter 11 plan.

Each creditor and recipient of this notice and their respective agents and attorneys have an affirmative duty to review this notice, and timely file any proof of claim on or before the General Bar Date or the Government Bar Date, as applicable, or be forever barred from filing or asserting any such claim. Each creditor and recipient of this notice is personally responsible for reviewing this notice and timely filing any proof of claim and should not rely upon their respective agents and attorneys to meet the deadlines specified in this notice.

**GENERAL AND GOVERNMENT PROOFS OF CLAIM MUST BE FILED SO THAT THEY ARE <u>ACTUALLY RECEIVED</u> BY THE CLERK OF COURT ON OR BEFORE <u>EITHER</u> THE GENERAL BAR DATE, <u>FEBRUARY 28, 2014 AT 4:00 P.M. PREVAILING EASTERN TIME</u>, OR, IF APPLICABLE, THE GOVERNMENT BAR DATE, <u>APRIL 14, 2014, AT 4:00 P.M. PREVAILING EASTERN TIME</u>.** Proofs of claim may be filed electronically using the Court's ECF system. Proofs of claim also may be filed in person, by courier service, mail or by hand delivery addressed to:

Office of the Clerk
United States Bankruptcy Court
455 U.S. Courthouse
2 South Main Street
Akron, Ohio 44308

Proofs of claim may <u>not</u> be delivered by facsimile, telecopy or electronic mail. You are encouraged to use the enclosed proof of claim form.

Proofs of claim must be filed in the English language and, pursuant to section 502(b) of the Bankruptcy Code, amounts due shall be stated in lawful currency of the United States as of the Petition Date. You should attach to your completed proof of claim form copies of any writings upon which your claim is based. **Do not file your proof of claim with, or send copies of proofs of claim to, the Debtor.** Pursuant to the Bar Date Order, proofs of claim not filed with (i.e., actually received by) the Clerk of Court by the applicable deadline shall be deemed not to be properly or timely filed. To receive an acknowledgment that your proof of claim has been received by the Clerk and filed, you must provide with your original proof of claim one additional copy and a postage-paid, self-addressed envelope.

4

13-52996-mss    Doc 155    FILED 01/23/14    ENTERED 01/23/14 14:59:28    Page 4 of 8

**ANY PROOF OF CLAIM PREVIOUSLY FILED WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE MAILING OF THIS NOTICE THAT SUBSTANTIALLY CONFORMS TO THE PROOF OF CLAIM FORM ATTACHED HERETO OR OFFICIAL FORM NO. 10 SHALL BE DEEMED TO BE AND SHALL BE TREATED AS A PROPERLY FILED CLAIM SUBJECT TO THE RIGHT OF THE DEBTOR OR ANY PARTY IN INTEREST TO OBJECT TO THE ALLOWANCE THEREOF. NO ADDITIONAL PROOF OF CLAIM IS REQUIRED.**

### Amendments to Claims, Amendments to Schedules and Claim Transfers

After the deadline for filing claims, a creditor may not seek to amend a claim deemed filed on its behalf under section 1111(a) of the Bankruptcy Code by virtue of the listing of such claim by the Debtor in its Schedules if such amendment increases the amount of the claim.

Following notice of any amendment to the Schedules reducing the amount of a scheduled claim, or that reclassifies a scheduled, undisputed, liquidated or non-contingent claim as disputed, unliquidated or contingent, any creditor so affected shall have until the later of (i) the General Bar Date, or Government Bar Date as applicable or (ii) the first business day that is at least twenty-one (21) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009(a), to file a proof of claim; <u>provided, however</u>, that following the General Bar Date or Government Bar Date as applicable, proofs of claim filed as a result of amendments to the Schedules shall be limited in amount to the amount previously scheduled by the Debtor, unless the creditor has otherwise timely filed a proof of claim. No extension of time is granted if the Debtor's amendment to its Schedules increases the claim deemed filed under section 1111(a) of the Bankruptcy Code. Amendments to the Schedules regarding creditors who previously have filed proofs of claim shall not affect any proof of claim already on file or extend the deadline for filing proofs of claim.

If a timely filed claim is transferred, the transferee must file a notice of transfer of the claim with the Clerk of Court, in accordance with Bankruptcy Rule 3001(e), and serve a copy of the notice of transfer on the Debtor's counsel addressed to: Brouse McDowell, LPA, Attn: Marc B. Merklin, Esq., 388 S. Main Street, Suite 500, Akron, Ohio 44311.

5

13-52996-mss    Doc 155    FILED 01/23/14    ENTERED 01/23/14 14:59:28    Page 5 of 8

## ADMINISTRATIVE EXPENSE BAR DATE

### Definition of Administrative Expense

For the purpose of this Notice, "Administrative Expense" shall have the meaning used in Section 503 of the Bankruptcy Code, other than section 503(b)(9), including, but not limited to: (a) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered **AFTER** the commencement the case (i.e., October 16, 2013); (b) any tax incurred by the estate, except a tax of a kind specified in Section 507(a)(8) of the Bankruptcy Code; or (c) any fine, penalty, or reduction in credit relating to a tax of a kind specified in (b) above.

### Filing Procedures

All requests for allowance of Administrative Expense claims incurred through December 31, 2013, **must be filed so as to be received by the Clerk's Office of the United States Bankruptcy Court on or before 4:00 p.m., Eastern Time, on February 28, 2014**. Requests for payment of Administrative Expense claims may be filed as follows:

> Office of the Clerk
> United States Bankruptcy Court
> 455 U.S. Courthouse
> 2 South Main Street
> Akron, Ohio 44308

**REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS WILL BE DEEMED FILED ONLY WHEN ACTUALLY RECEIVED BY THE CLERK. FACSIMILE TRANSMISSIONS WILL NOT BE ACCEPTED.** To receive acknowledgment of receipt of your request for allowance of an Administrative Expense claim, you must submit a copy and a self-addressed, stamped envelope. Copies of your Request for Administrative Claim should also be sent to counsel for the Debtor at the following address:

> Marc B. Merklin
> Brouse McDowell
> 388 S. Main Street
> Akron, Ohio 44308

### Persons or Entities that Must File Requests for Payment of Administrative Expenses

The Administrative Claims Bar Date applies to each and every Administrative Expense incurred by the Debtor through December 31, 2013, with the exception of:

  a. Requests for allowance of compensation and reimbursement of expenses of professionals pursuant to Sections 330, 331 and 503(b) of the Bankruptcy Code;

b.  Administrative expenses already paid in the ordinary course of the Debtor's operations;

c.  Claims of the Office of the U.S. Trustee under 28 U.S.C. § 1930(a)(6);

d.  Any administrative expense previously approved by an order of the Court; and

e.  Any person or entity whose claim is allowable under section 503(b)(9) of the Bankruptcy Code.[1]

You must file a request with the Bankruptcy Court for the allowance of any administrative expenses. You must attach to your request copies of any and all documentation upon which your administrative expense claim is based.

**DO NOT REQUEST THE ALLOWANCE OF ADMINISTRATIVE CLAIM IF YOU DO NOT HAVE A POSTPETITION ADMINISTRATIVE EXPENSE CLAIM, AS DEFINED ABOVE, AGAINST THE DEBTOR**. The fact that you have received this Notice does not mean that you have an administrative expense claim, or that the Debtor or the Bankruptcy Court believes that you have an administrative expense claim. **DO NOT FILE A REQUEST FOR AN ADMINISTRATIVE CLAIM ASSERTING A PREPETITION CLAIM THAT AROSE BEFORE OCTOBER 16, 2013.**

### Consequences of Failure to File a Request For Payment of Administrative Expense Claims

Any creditor who is required to file a request for payment of an Administrative Expense claim, but who fails to do so timely, shall: (a) be forever barred, estopped, and enjoined from asserting any such claim against the Debtor; and (b) be forever barred, estopped, and enjoined from receiving distributions in these bankruptcy cases on account of any such claim.

### Reservation of Rights

The Debtor has reserved the right: (a) to dispute, or to assert offsets or defenses against, any Administrative Expense claim as to the amount, liability, classification or otherwise; and (b) to object to any Administrative Expense claim. Nothing set forth herein shall preclude the Debtor from objecting to any request for payment of an Administrative Expense claim, whether contained in the Debtor's records, files, or on any grounds.

---

[1] Any person or entity whose claim is allowable under section 503(b)(9) of the Bankruptcy Code **must file a proof of claim form** in accordance with the instructions related to the General Bar Date using a proof of claim form as set forth herein.

## EQUITY INTEREST HOLDERS

Pursuant to Bankruptcy Rule 3003(b)(2), it is not necessary for an equity security holder to file a proof of interest based solely upon such interest; <u>provided, however,</u> that if an equity holder asserts any rights as a creditor holding a claim against the Debtor, including any claim arising out of or relating to the ownership, sale, issuance or purchase of an equity interest in the Debtor, a proof of claim is required to be filed on or before the General Bar Date or Government Bar Date as applicable, except as otherwise set forth herein.

**This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Ohio for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors**. **The fact that you have received this notice does not mean that you have a claim or that the Debtor or the Bankruptcy Court believes that you have a claim.**

Dated: January 23, 2014

/s/ *Kate M. Bradley*
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

Counsel for the Debtor
and Debtor-in-Possession

875542v2